■ JOSEPH FINGER et al., Individually and as Parents and Natural Guardians of JOHN FINGER and Others, Infants, Appellants, v OMNI PUBLICATIONS INTERNATIONAL, LTD., Respondent.—Mikoll, J. Appeal from an order of the Supreme Court (Bradley, J.), entered March 27, 1989 in Ulster County, which granted defendant's motion to dismiss the complaint.

Plaintiffs' action for money damages and injunctive relief arose from defendant's nonconsensual publication of a photograph of plaintiffs and their children in Omni Magazine, a monthly magazine published by defendant, in conjunction with a feature article entitled "CAFFEINE AND FAST SPERM". Under the photograph is the following statement: "Want a big family? Maybe your sperm needs a cup of Java in the morning. Tests reveal that caffeine-spritzed sperm swim faster, which may increase the chances for in vitro fertilization." Plaintiffs are not identified in the article by name. Defendant moved to dismiss the complaint pursuant to CPLR 3211 (a) (7), alleging that the use of the photograph in conjunction with the article did not violate Civil Rights Law §§ 50 and 51 in that the picture was not used for trade or advertising but rather to illustrate a related news article on fertility, a subject of legitimate public interest. It is urged that such use is constitutionally privileged under a "newsworthiness exception".

Supreme Court granted defendant's motion and dismissed the action, citing to *Arrington v New York Times Co.* (55 NY2d 433, 442, *cert denied* 459 US 1146). Supreme Court found that there was a relationship between the photograph of plaintiffs' family and the subject matter of the article, fertility, a subject of general interest. On appeal, plaintiffs contend that the use of the photograph in conjunction with an article dealing with in vitro fertilization is a commercial exploitation of their pictures in that no real relationship

exists between the article and the photograph of plaintiffs' large, naturally conceived family. In *Arrington,* the Court of Appeals held that Civil Rights Law §§ 50 and 51 were narrowly drafted to encompass only a commercial use of a person's name and likeness and were conceived in direct response to *Roberson v Rochester Folding Box Co.* (171 NY 538), which involved the printing of the plaintiff's picture on the defendant's flour bags *(see, Arrington v New York Times Co., supra,* at 439-440). The article in this case does not purport to depict a family conceived by in vitro fertilization. Rather, the article merely illustrates the result of increased fertility—a large family—and, as such, deals with a newsworthy subject of general interest. We, therefore, concur with Supreme Court's finding that no cause of action pursuant to Civil Rights Law §§ 50 and 51 was established.

Order affirmed, without costs. Casey, J. P., Mikoll, Yesawich, Jr., Levine and Mercure, JJ., concur.